## MINUTES OF THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

*****************************************************************************

CR-07-00007-002                                                          May 10, 2007
CR-07-00011-001                                                          8:55  a.m.

**UNITED STATES OF AMERICA -vs- DINA TORRES aka DINA TORRES GONZALES**

PRESENT:    HON. ALEX R. MUNSON, CHIEF JUDGE PRESIDING
            K. LYNN LEMIEUX, COURTROOM DEPUTY
            SANAE SHMULL, COURT REPORTER
            CRAIG MOORE,  ASSISTANT U.S. ATTORNEY
            DANILO AGUILAR,  COURT-APPOINTED ATTORNEY FOR DEFENDANT
            DINA TORRES, DEFENDANT

PROCEEDINGS:   ARRAIGNMENT

Defendant **DINA TORRES** appeared with court-appointed counsel, Attorney Danilo Aguilar.  Government was represented by Craig Moore,  AUSA.   Also present were Margarita Wonenberg and Melinda Brunson, U.S. Probation Officers.

Defense stated that they were ready to proceed with the Arraignment.

Defendant was sworn and advised of her constitutional rights.

Defendant waived reading of the indictment and pled **NOT GUILTY** to the charges against her.  Court set jury trial for **CR-07-00007-002 for JULY 2, 2007  at 9:00 a.m.**  Pretrial motions shall be filed by **May 24, 2007.**

Defendant waived reading of the indictment and pled **NOT GUILTY** to the charges against her.  Court set jury trial for **CR-07-00011-001 for JUNE 25, 2007 at 9:00 a.m.**  Pretrial motions shall be filed by **May 24, 2007.**

Government moved that the defendant be released on strict conditions and a $100 cash bail. Defense argued on behalf of the defendant.

Defense called witness for a potential third-party custodian:

**MARGARITA CABRERA TORRES**.  (Older sister of defendant).  DX. CX.

Court found that Ms. Margarita Torres qualified as a third-party custodian and ordered that the defendant be released to the third-party custodian on the following conditions:

1)   That the defendant shall submit to pretrial services supervision under the direction of the United States Probation Office and abide by all standard conditions and that she must report at any time as requested;

2)   The defendant must not leave the island of Saipan without written permission from the Court;

3.   That the defendant must not change her residence without first notifying the Court in writing;

4.   That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case;

5.   That the defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

6.   That the defendant execute a non-secured bond in the amount of $5,000;

7.   That the defendant shall surrender her passport and any other travel documents and not obtain any other travel documents or passport;

8.   That she refrain from possessing firearms, destructive device, or other dangerous weapons, or to have such items at her residence;

9.   That she refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner who is licensed in the CNMI;

10.  That the defendant participate in a program of in-patient or out-patient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer;

11.  That she submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

12.  That the defendant shall draw a map indicating the location of her residence and provide a contact telephone number;

13.  That the defendant shall have no contact with the co-defendant (Norbert Benavente Camacho) unless in the presence of her attorney and for the purpose of preparing for trial;

14. That the defendant shall participate in the electronic monitoring program and abide by all the requirements of that program. Defendant shall be under home confinement except for the times that she is at her employment. Further, the defendant shall pay for the cost of the program based on his ability to pay as determined by the pretrial services office or supervising officer; and

15. That the defendant shall refrain from any and all alcohol.

The defendant was remanded into the custody of the U.S. Marshal until further order of the Court.

Adj. 9:10 a.m.

/s/K. Lynn Lemieux, Courtroom Deputy