LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
   Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP 96950

Tel: (670) 236-2980
Fax: (670) 236-2985

F I L E D
Clerk
District Court

JUN 13 2007

For The Northern Mariana Islands
By_____
   (Deputy Clerk)

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA, | Case Nos.: 07-00007-2 |
| | 07-00011-1 |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| | Date: JUNE 14, 2007 |
| DINA TORRES GONZALES, | Time: 10:00 A.M. |
| | Judge: Hon. Alex R. Munson |
| Defendant. | |

     Pursuant to Rules 11(c)(1)(A) and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, DINA TORRES GONZALES, have reached the following agreement:

     1.    Under Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government agrees that it will move to dismiss certain other charges against Defendant. The defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the terms of this agreement are merely recommendations to the Court and that the Court can reject the recommendations without permitting Defendant to withdraw her plea of guilty and can impose a sentence that is more severe than she anticipates.

2. Defendant will plead guilty to Count 1 of the Indictment in Case Number 07-00007, which charges her with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a violation of 21 U.S.C. § 846, and to Count 1 of the Indictment in Case Number CR 07-00011, which charges her with Distribution of a Controlled Substance on or about February 28, 2007 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

    a. Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following her change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

        i. Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill her responsibilities under this Agreement;

        ii. Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

        iii. Defendant understands that any and all statements, information, and testimony that she provides must at all times be complete and truthful. If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to

prosecution for doing so, including but not limited to prosecution for making a false statement, obstruction of justice, and perjury.

    iv.    Defendant further specifically understands that, in the event she knowingly and willfully provides any false statements, information, or testimony, the government will be free to use against her in any prosecution, without limitation, anything and everything that Defendant has stated, provided, or testified to at any time under this agreement.  In such event, Defendant hereby knowingly and voluntarily waives any right she may have to challenge – on any ground whatsoever -- the government's use in any prosecution against her of any and all statements, information, or testimony that she provides under this agreement.

3.    In exchange for Defendant's guilty plea:

    a.    The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines") but not including probation or a split-sentence even if permitted under the guidelines, provided Defendant does not seek a downward departure from that offense level for any reason.

    b.    The government will, at the time of sentencing, move to dismiss Count 2 of the Indictment in Case Number CR. 07-000007, which charges Defendant with Distribution of a Controlled Substance on or about February 20, 2007 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      c.      The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) provided Defendant continues to demonstrate such acceptance through sentencing.

      d.      As of the date of this agreement, Defendant has timely notified authorities of her intention to enter a plea of guilty. If – and only if – Defendant:

          i.      pleads guilty pursuant to this agreement;

          ii.      on or before the date scheduled by the Court; and

          iii      the offense level is sixteen (16) or greater,

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

      e.      The government is free to recommend any combination and amount of supervised release and fines which it deems appropriate.

      f.      If the government, in its sole discretion, determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range for the offense level determined by the Court. Defendant understands that the decision to file such a motion is solely up to the Office of the United States Attorney and the decision whether, and to what extent, to grant such a motion is solely up to the Court. The government makes no promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

4. The United States and Defendant stipulate to the following facts and application of the guidelines:

    a. On or about February 20, 2007, Defendant participated with Norbert Camacho in the distribution of a quantity of methamphetamine, in the form commonly known as "ice," a Schedule II controlled substance.

    b. The quantity of ice that Defendant and Norbert Camacho distributed on or about February 20, 2007 was .74 grams, having a purity of approximately ninety-eight percent (98 %).

    c. On or about February 28, 2007, Defendant distributed a quantity of methamphetamine, in the form commonly known as "ice," a Schedule II controlled substance.

    d. The quantity of ice that Defendant distributed on or about February 28, 2007 was .077 grams, having a purity of approximately ninety-six percent (96 %).

    e. The total amount of ice that Defendant distributed in the offenses to which she is pleading guilty is 0.817 grams.

    e. The section of the sentencing guidelines that applies to the offenses to which Defendant is pleading guilty is § 2D1.1.

5. Except as expressly provided in paragraphs three (3) and four (4), above, the parties have made no agreement concerning the facts, the guidelines, or their application to this case. Both parties reserve the right to present and argue evidence on all matters affecting the guidelines calculation.

6. The government reserves its full right of allocution, including the right to present to any information to the Court for its consideration in fashioning an appropriate

sentence, the right to correct misstatements, misrepresentations, or omissions by the defendant, and the right to answer without limitation any questions asked by the Court.

7. Defendant has been advised and understands that if the Court accepts her plea, she will be adjudged guilty of felony offenses and that such adjudication may deprive her of valuable civil rights, including:

    i. the right to vote;

    ii. the right to hold public office;

    iii. the right to serve on a jury;

    iv. the right to possess any kind of firearm; and

    v. any rights she may have to any federal government loans, grants,

or aid in the future.

8. The maximum statutory penalties for the offenses to which Defendant is pleading guilty are:

    a. Twenty (20) years imprisonment on each count;

    b. A fine of one million dollars ($ 1,000,000.00) on each count;

    c. A term of supervised release of up to three (3) years; and

    e. a mandatory special assessment of one hundred dollars ($100.00) on each count.

If the Court were to impose consecutive sentences and cumulative fines, the maximum penalties for all of the offenses to which Defendant is pleading guilty are forty (40) years imprisonment; a fine of two million dollars ($ 2,000,000.00); a term of supervised release of three (3) years; and mandatory special assessments of two hundred dollars ($ 200.00).

9. Defendant agrees to pay the mandatory special assessments by returning the signed Plea Agreement to the United States Attorney's Office with a money order or certified check payable to the Clerk, United States District Court. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

10. Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and not binding on the Court. Defendant also understands that the Court alone makes all sentencing decisions including the application of the guidelines and the sentence to be imposed. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw her guilty plea. And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences her to prison she will not be released on parole.

11. Defendant understands that she may have the right to file a direct appeal from the Court's sentence. Defendant knowingly and voluntarily waives any right she may have to file such an appeal. Defendant further understands that other procedures may be available to challenge her conviction or sentence. Defendant also knowingly and voluntarily waives any right she may have to file post-conviction relief actions, including actions under 28 U.S.C.

§§ 2255 and 2241, *coram nobis* actions, and motions to reconsider or reduce her sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of her attorney after conviction.

12. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. Defendant has been advised and understands that she has the following rights:

 a. the right to plead not guilty and to persist in that plea;

 b. the right to a jury trial;

 c. the right at trial to be presumed innocent and require the government to her guilt beyond a reasonable doubt;

 d. the right to be represented by counsel – and, if necessary, have the Court appoint counsel to represent Defendant – at trial and every other critical stage of the proceeding;

 e. the right at trial to see and hear all of the witnesses and for her counsel to cross-examine them in her defense;

 f. the right at trial to testify and present evidence but only if she voluntarily elected to do so;

 g. the right at trial to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense; and

 h. the right at trial, if she decided not to testify or present evidence, not to have those facts used against her and to be otherwise protected against self-incrimination .

Defendant is advised and further understands that, if she pleads guilty and the Court accepts her plea, she waives all of these rights.

14. Defendant understands every criminal offense has separate and distinct elements. At a trial, the government is required to prove each of them beyond a reasonable doubt.

    a. Count 1 in Criminal Case No. 07-00007 charges Defendant with Conspiracy to Distribute a Controlled Substance. That offense has two elements. At a trial, the government would have to prove beyond a reasonable doubt:

        i. that in or about early February 2007 and continuing up to and including February 20, 2007, Defendant knowingly and intentionally agreed with one or more persons, including Norbert Camacho, to distribute a controlled substance, that is, methamphetamine hydrochloride in the form commonly known as "ice;" and

        ii. that Defendant was or became a member of the conspiracy knowing of its object, that is, to distribute methamphetamine hydrochloride in the form commonly known as "ice" or some other controlled substance, and intending to help accomplish it.

    b. Count 1 in Criminal Case No. 07-00011 charges Defendant with Distribution of a Controlled Substance. That offense has two elements. At a trial, the government would have to prove beyond a reasonable doubt:

        i. that on or about February 28, 2007, Defendant knowingly and intentionally distributed a controlled substance, that is, methamphetamine hydrochloride in the form commonly known as "ice;" and

    ii.  that Defendant knew the substance she was distributing was in fact methamphetamine hydrochloride in the form commonly known as "ice" or some other controlled substance.

  15. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of her obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

  16. Defendant understands that if she violates this agreement in any way, the government will have considered the agreement to have been breached. In that event, Defendant shall not have the right to withdraw her plea of guilty. The government, however, will be released from all obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

    a. go forward with the guilty plea and sentencing;

    b. make any and all sentencing recommendations that it deems appropriate;

    c. treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement, and go to trial on the ~~Information~~ *INDICTMENT* [handwritten initials];

    d. pursue additional charges against Defendant; and

    e. use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that she has provided at any time to the government, the grand jury, or to the Court.

17.  This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

18.  This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

19.  Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

20.  Defendant states that she has read this agreement or had it read to her, has discussed it with her counsel, understands it, and agrees to its provisions.

_____   6/08/07
DINA TORRES GONZALES              Date
Defendant

_____   6/8/07
DANILO T. AGUILAR                 Date
Counsel for Defendant

_____   6/13/07
CRAIG N. MOORE                    Date
Assistant U.S. Attorney